United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Leroy Mearle Einkorn,
Gail Lynn Einkorn,                                    Case No. 04-76248-R
        Debtors.                              Chapter 7
_____/

Opinion Regarding Motion to Sell Timeshare

This matter is before the Court on a motion for authority to sell a timeshare free and clear of all liens filed by the trustee, Mark H. Shapiro. The debtors, Leroy and Gail Einkorn, filed a response. Following oral argument on August 8, 2005, the Court took the matter under advisement. For the reasons set forth below, Shapiro's motion for authority to sell the timeshare is granted.

I.

On December 27, 2004, Leroy and Gail Einkorn filed for relief under chapter 7 of the bankruptcy code. On schedule A, the Einkorns listed their interest in a timeshare with an estimated value of $1,000. Vistana Fountains Condo Association has a lien on the timeshare in the amount of $1,000. The Einkorns listed an exemption claim of $1.00 pursuant to 11 U.S.C. § 522(d)(5). No timely objections to the Einkorns claim of exemptions were filed.

On August 15, 2005, Shapiro filed a motion for authority to sell the timeshare free and clear of the lien, with the lien attaching to the proceeds of sale. The Einkorns filed a response to the motion.

II.

The Einkorns assert that at the time the petition was filed, the timeshare had a fair market value of $1,000 and a lien of $1,000. Thus, because the Einkorns claimed an exemption of $1.00, they contend that at the time the petition was filed there was no equity available to distribute to creditors, and therefore the property was completely exempted.

Shapiro argues that the Einkorns exempted only a $1.00 interest in the property, not the property itself. Thus, Shapiro requests authority to sell the timeshare and use the proceeds to satisfy the lien and the Einkorns claimed exemption.

III.

Relying on *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S. Ct. 1644 (1992), the Einkorns contend that the actions taken by Shapiro are, in effect, an untimely objection to their claim of exemption. 11 U.S.C. § 522(1).

In *Taylor*, the debtor claimed an exemption in the "Proceeds from a lawsuit and a claim for lost wages," and listed the value as "unknown." The trustee failed to object because he believed the lawsuit had no value. The lawsuit eventually settled for over $100,000, and the Supreme Court held the proceeds were not property of the estate because the debtor claimed them exempt and the trustee did not file a timely objection. *Id*. at 640-41.

There is a key distinction between *Taylor* and the case before the Court. The debtors in *Taylor* listed their exemption as "unknown" and claimed the entire asset exempt. In this case, the Einkorns claimed only a $1.00 interest exempt, not the entire asset. The Einkorns did not claim that the value of the property

2

was $1.00. The Einkorns now assert an exemption in an amount over and above their claimed exemption. *Taylor* does not compel such a result.

The Einkorns also argue that if the amount of the claimed exemption, combined with any secured claims, exceeds the fair market value of the property, the property is exempt in its entirety. However, a number of courts have properly rejected this argument.

In *Hyman v. Plotkin (In re Hyman)*, 967 F.2d 1316 (9th Cir. 1992), the debtors claimed a $45,000 homestead exemption in their residence, which they listed as having a value of $415,000 and liens of $367,611. *Id.* at 1321. The trustee did not object to the exemption, but later filed a motion for authority to sell the residence. The debtors objected on the grounds that the home was exempt in its entirety and no longer an asset of the estate.

The bankruptcy court granted summary judgment in favor of the trustee and the bankruptcy appellate panel affirmed. On appeal, the Ninth Circuit affirmed, holding that the debtors' exemptions were limited to their $45,000 claimed exemption amount. In response to the debtors' assertion that they were entitled to the appreciation in the value of the property, the court stated:

> [T]he Hyman's claim for appreciation is without merit. The California statute gives the Hyman's a $ 45,000 exemption as of the time of sale, not a $ 45,000 equity interest in the property. . . . The debtor's right to use the exemption comes into play not upon the filing of the petition, but only if and when the trustee attempts to sell the property. At that point, and not before, the debtor first faces the possibility of being dispossessed of his home, and the grim prospect of having to use the exemption money to find alternative housing.

*Hyman*, 967 F.2d at 1321 (footnote omitted); *see also Alsberg v. Robertson* (*In re Alsberg*), 68 F.3d

312 (9th Cir. 1995); *Schwaber v. Reed* (*In re Reed*), 940 F.2d 1317, 1323 (9th Cir. 1991) ("No doubt Debtor's argument that appreciation enured to him would have merit if his entire interest in the residence was set aside or abandoned to him; it was not."); *In re Prospero*, 107 B.R. 732, 736 (Bankr. C.D. Ca. 1989); *In re Paolella*, 85 B.R. 974, 977 (Bankr. E.D. Pa. 1988); 11 U.S.C. § 541(a)(6).

In *In re Heflin*, 215 B.R. 530 (Bankr. W.D. Mich. 1997), the court reached the same conclusion, adding:

> If this court were to accept the Debtor's arguments, then the Trustee would be placed in the untenable position of having to "object first and ask questions later" in every case where the claimed exemption exceeded the estimated fair market value minus secured claims. It would also provide an incentive for savvy (or less than candid) debtors to purposely underestimate the fair market value of the property in the hope that a trustee would fail to object and then be prevented from subsequently administering the property on behalf of the estate.

*Id*. at 535-36.

This case is substantially similar to a case previously decided by this Court, *In re Bregni*, 215 B.R. 850 (Bankr. E.D. Mich. 1997). In that case, the debtors, Carol and Phillip Bregni listed their condominium with a market value of $120,000. First Security Bank held a mortgage on the property for $90,000. Thus, the Bregnis each claimed a $15,000 exemption in the property pursuant to 11 U.S.C. § 522(d)(1). The condominium was eventually sold for $158,000. After payment of the mortgage and the Bregnis' exemptions, there remained about $30,000 in proceeds. The trustee and the debtors both asserted an interest in those proceeds. This Court held that the trustee was entitled to the proceeds as property of the estate. *Id*. at 854. The Court based its decision on *Taylor*, *Hyman* and *Heflin*.

For the reasons stated in *Bregni, Hyman* and *Heflin*, the Court concludes that the Einkorns are limited to their $1.00 claimed exemption and that Shapiro's motion should be granted.

An appropriate order will be entered.

**Entered: September 29, 2005**

                                             **/s/ Steven W. Rhodes**
                                     **Steven W. Rhodes**
                                     **Chief Bankruptcy Judge**